NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTO ESCALANTE,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>J. DAVIS, et al.,<br><br>　　　　Respondents. | No. C 07-2702 JF (PR)<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE<br><br>(Docket No. 2) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms' ("Board's") decision denying him parole. Petitioner has filed a motion to proceed in forma pauperis. The Court will GRANT Petitioner's motion to proceed in forma pauperis (docket no. 2) and order Respondent to show cause why the petition should not be granted.

**STATEMENT**

A Los Angeles Superior Court jury convicted Petitioner of aggravated mayhem with the use of a weapon (Cal. Penal Code §§ 205, 12022(B)). Petitioner challenges the Board of Prison Terms' failure to grant him parole at his December 2005 parole suitability hearing. Petitioner filed three state habeas petitions in the state superior court,

state appellate court and state supreme court, all of which were denied as of May 9, 2007. Petitioner filed the instant federal habeas petition on May 22, 2007.

## DISCUSSION

A.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  Petitioner's Claims

As grounds for federal habeas relief, Petitioner alleges: (1) the Board's fourth denial of a parole date based on the commitment offense and pre-commitment factors, despite petitioner's surpassing his minimum sentence to be served, violates due process of law and his liberty interest; (2) the commitment offense (a non-homicide offense) does not rise to the level of the "especially heinous" (particularly egregious) manner to justify the fourth denial of parole violating due process of law; and (3) the Board presented no evidence under the law that contained an indicia of reliability showing petitioner was a "current" risk if released on parole violating due process of law. Liberally construed, Petitioner's allegations are sufficient to require a response. The Court orders Respondent to show cause why the instant petition should not be granted.

## CONCLUSION

1.  Petitioner's motion to proceed in forma pauperis (docket no. 2) is GRANTED.

2.  The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.

1   The Clerk shall also serve a copy of this order on Petitioner.

2       3.    Respondent shall file with the Court and serve on Petitioner, within **sixty
days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of his receipt of the answer.

    4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

    5.    It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED: __8/27/07__

                            JEREMY FOGEL
                            United States District Judge

1  A copy of this ruling was mailed to the following:

2

3  Justo Escalate
E-91258
CTF -Central
4  F-Wing 302
P.O. Box 689
5  Soledad, CA  93960-0689

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28