# EXHIBIT D

C-file copy

LIFE PRISONER EVALUATION REPORT
SUBSEQUENT PAROLE CONSIDERATION HEARING
MAY 2005 CALENDAR

ESCALANTE, JUSTO                                                    E-91258

I. **COMMITMENT FACTORS:**

  A. **Life Crime:** PC 205 Aggravated Mayhem and PC 12022(B) Use of a Deadly Weapon (Knife); Los Angeles County Case #PA004647, Sentenced to Life, plus 1 year. MEPD: 5/30/98. Victim: James Brooks, age unknown.

  1. **Summary of Crime:** On September 10, 1990, at approximately 4:20 a.m., Victim James Brooks got into an argument with the prisoner, Justo Escalante. Escalante wanted to borrow the victim's car, but the victim refused. Escalante and some of his friends started hitting and kicking the victim. While the victim was down, Escalante struck the victim in the eye with a knife penetrating the brain. Escalante was arrested on 9/26/90 while in custody on another matter.

  The victim, James Brooks, told the Probation Officer that on the night of the attack, his girlfriend was arguing with Escalante. Brooks stated that when he approached the two, Escalante pulled a knife. Brooks retreated however he slipped in the mud. Escalante's friends kicked and hit victim Brooks, and Escalante stabbed the victim in the right eye. The victim says he blacked out and did not remember anything until approximately six days later. The victim further stated that he used to be a friend of Escalante's, and did not understand the unprovoked attack. The victim suffered permanent loss of sight in his right eye and a frontal lobotomy was performed resulting in permanent brain damage. The victim's medical bills were in excess of $177,000. The victim stated that he wanted Escalante to pay for what he did. There are no crime partners named in the Probation Officer's report. Source documents cited: POR, pages 2,3 and 8.

  2. **Prisoner's Version:** Inmate Escalante stated that he is innocent of this crime, noting that he did not plead guilty, but rather that he was convicted by a jury trial. Escalante claims that he did not commit this crime, nor was he in the area when this crime occurred. Escalante stated that he knew the area where the crime had occurred, and had been in this area before. But, according to Escalante, on that particular night he was in an apartment

SENT TO INMATE ON MAR 17 2005

ESCALANTE, JUSTO          E91258          CTF-SOLEDAD          MAY/2005

building with a friend far away from the crime scene. Escalante points out that it would have been difficult for him to have committed this crime, because the victim was a large adult male, and Escalante was much smaller than the victim. Escalante stated that the first time he ever saw the victim was in the courtroom. He stated that he did not know the victim, denying the victim's statement that they were once "friends." Escalante states that he did not speak English at the time of his arrest, and argues how could he have been "friends" with the English speaking victim. Escalante pointed out the fact that if he was guilty of this crime, he would have fled the jurisdiction and not remained in the same area. Escalante also stated that he never had a knife.

3. **Aggravating/Mitigating Circumstances:**

   a. **Aggravating Factors:**

      1. The victim was particularly vulnerable.
      2. The prisoner had opportunity to cease but instead continued with the crime.

   b. **Mitigating Factors:** None.

B. **Multiple Crime(s):** None.

   1. **Summary of Crime:** None.

   2. **Prisoner's Version:** None.

II. **PRECONVICTION FACTORS:**

A. **Juvenile Record:** Escalante has no juvenile arrest record on file.

B. **Adult Convictions and Arrests:**

   03/16/88:   Arrested by the Los Angeles Police Department (LAPD) for Transport/Sell Narcotic Controlled Substance: Convicted of a felony and sentenced to 36 months probation, 180 days in jail, fine, and a suspended prison sentence.
   04/14/89:   Arrested by the LAPD for Murder (PC 187); released due to Lack of Corpus.
   09/16/89:   Arrested by the LAPD for Felon/Addict/Etc. Possession of Firearm; convicted of a misdemeanor and sentenced to probation/jail.

| | | |
|---|---|---|
| 03/13/90: | Arrested by the LAPD for Grand Theft Vehicle; released due to lack of sufficient evidence. |
| 03/21/90: | Arrested by the LAPD for Possession Narcotic Controlled Substance; warrant issued for Possession Bad Check/Money Order. No disposition noted. |
| 09/14/90: | Arrested by the LAPD for Transportation/Sale Narcotic Controlled Substance. On 9/16/90, a warrant was issued by the LAPD. |
| 09/27/90: | Arrested by the LAPD for Attempted Murder PC 187. |
| 12/27/90: | Probation revoked and Escalante was sentenced to 5 years in state prison. |
| 04/04/91: | Convicted in Los Angeles Superior Court for Assault with Deadly Weapon or Great Bodily Injury/Not Firearm and Aggravated Mayhem with the Use of a Weapon. He was sentenced to Life, plus one (1) year. |
| 04/18/91: | Escalante was received into the California Department of Corrections (CDC) for PC 205 Aggravated Mayhem with Use of a Weapon. (Life, plus one year.) and two (2) non-controlling offenses of Transportation/Sale of Controlled Substance (5 years). |

Source documents: POR, page 4, and the CII pages 2-4.

C.  **Personal Factors:** Escalante was one of five (5) children born to Debra and Jose Escalante in Honduras. Escalante's father and two brothers still reside in Honduras. He came to the United States from Honduras in 1984. He has two sisters, Judy and Lillian living in Southern California. His mother, Debra Escalante, passed away in 1988. Escalante has never been married. Escalante claims he attended school in Honduras until the age of 13. He has never served in the Armed Forces. Escalante claims that he began drinking alcohol at the age of 16 and at the time of his arrest he was consuming approximately two six-packs weekly. He claims he began smoking marijuana at the age of 19, and at the time of his arrest he was smoking approximately two joints weekly. He claims he began snorting cocaine at the age of 26 and at the time of his arrest he was spending approximately $100.00 weekly to support his habit. The POR indicates that Escalante supported himself through day work either in construction or pool cleaning. He made about $50 to $60 a day when work was available. There is no gang affiliation noted. There is no history of sexual deviation or mental disorder. Escalante is currently 37 years old. There are no medical problems noted at this time. Source documents cited: The POR, pages 5,6, and 7. The Institutional Staff Recommendation Summary (ISRS), pages 1 and 2 and the Social Factors Sheet.

### III. POSTCONVICTION FACTORS:

A. **Special Programming/Accommodations:** None.

B. **Custody History:** Escalante has remained at CTF since his arrival on 7/8/98. He has maintained steady assignments, Medium A custody and has "0" behavioral points.

C. **Therapy and Self-Help Activities:** He has continued Alcoholic.Anonymous group attendance.

D. **Disciplinary History:** He has received no CDC 115's and three CDC 128A's, the last one being in 1998.

E. **Other:** Escalante attended a Subsequent BPT Hearing on 5/27/03 wherein the board denied parole for two years, requested a new psych report and recommended to remain disciplinary free, upgrade vocation, education and participate in self help.

### IV. FUTURE PLANS:

A. **Residence:** Escalante realizes he will be deported and as such, will reside with his brother, David Escalante of Coliel Pedregal De San Jose, Ladolquieida, Blaque 14 Casa 15. Camayguela, Honduras. He also has residence option with his cousin, Olga M. Lainez Ballesteros of Cal. San Jose De La Vega, Bloque 32 Casa 1505, Comuyguela, Honduras, CA.

B. **Employment:** Escalante plans to work as an electrician or plumber. He states he has prior work experience in both fields.

C. **Assessment:** If Escalante can restrain from any drug association and adequate letters of support arrive, he should succeed upon release.

### V. USINS STATUS: Active USINS #A71621282 from Honduras.

### VI. SUMMARY:

A. Prior to release the prisoner could benefit from: remaining disciplinary free and continuing Alcoholics Anonymous attendance.

- **B.** This report is based upon a one hour interview on 2/1/05 and a complete three hour review of the Central File.

- **C.** Escalante was afforded an opportunity to examine his Central File on 2/1/05 per CDC 128B dated 2/1/05, reflecting that he declined the review.

- **D.** No accommodation was required per the Armstrong vs. Davis BPT Parole Proceedings Remedial Plan (ARP) for effective communication.

LIFE PRISONER EVALUATION REPORT
PAROLE CONSIDERATION HEARING
MAY 2005 CALENDAR

_____    3-16-05
S. Martinez                     Date
Correctional Counselor I


_____    3-16-05
J. Soares                       Date
Correctional Counselor II


_____    3-16-05
I. Guerra                       Date
Facility Captain


_____    3-17-05
D. S. Levorse                   Date
Classification and Parole Representative


ESCALANTE, JUSTO        E91258              CTF-SOLEDAD            MAY/2005