# EXHIBIT H

FILED
Los Angeles Superior Court

OCT 0 2006

John A. Clarke, Executive Officer/Clerk

By: _____, Deputy

JOSEPH M. PULIDO, S.C.C.
233219

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re, | ) Case No.: BH003993 |
| JUSTO ESCALANTE, | ) ORDER RE: WRIT OF HABEAS CORPUS |
| Petitioner, | ) |
| On Habeas Corpus | ) |

The Court has read and considered petitioner's Writ of Habeas Corpus filed on April 28, 2006. Having independently reviewed the record, giving deference to the broad discretion of the Board of Prison Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole. (See Cal. Code Regs., tit. 15, §2402; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 667 (hereafter *Rosenkrantz*).)

Petitioner is serving a term of 7 years to life with a minimum parole eligible date of May 29, 1998. Petitioner was convicted of aggravated mayhem with the use of a deadly weapon, in violation of Penal Code sections 205 and 12022(b). The record reflects that on September 10, 1990, petitioner entered into an argument with the victim over the victim's refusal to loan petitioner his car. Petitioner left the scene and returned with several friends. Petitioner and his friends started to hit and kick the victim and while the victim was down, petitioner stabbed the victim in the eye with a knife, which penetrated to the victim's brain. The victim suffered

EP                                         1

permanent loss of sight in his right eye and a frontal lobotomy was performed resulting in permanent brain damage.

The record reflects that the Board found petitioner unsuitable for parole after a parole consideration hearing held on December 15, 2005. Petitioner was denied parole for two years. The Board concluded that Petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety if released from prison. The Board based its decision on several factors, including his commitment offense. The Court finds that there is no evidence to support the Board's findings that the commitment offense was "dispassionate and calculated," such as an execution-style murder (see Cal. Code Regs., tit. 15, § 2402, subd. (c)(1)(B)) and that the "offense was carried out in a manner that demonstrates an exceptionally callous disregard for human suffering" (see Cal. Code Regs., tit. 15, § 2402, subd. (c)(1)(D). Although there is no evidence to support the Board's specific findings regarding the commitment offense, the Court nevertheless finds that there is some evidence that the commitment offense was one in which the victim was abused, defiled or mutilated during or after the offense. (See Cal. Code Regs, tit. 15, § 2402, subd. (c)(1)C).) "We may uphold the [Board's] decision, despite a flaw in its findings, if the authority has made clear it would have reached the same decision even absent the error." (*In re Dannenberg* (2005) 34 Cal.4th 1061, 1100.) Based on the fact that the Board's discussion of the commitment offense cited to the petitioner hitting, kicking and knocking the victim to the ground before stabbing him, the Court concludes that the Board's mistake does not invalidate its decision to deny parole based on the commitment offense.

The record further reflects that the Board also relied on several additional factors in denying petitioner parole at this time, and there is some evidence to support that decision. The Court finds that there is some evidence to support the Board's findings that petitioner is unsuitable based on insufficient self-help and a lack of vocational programming and based on a psychological evaluation that stated that the "inmate still denies any responsibility for the crime" and needed to develop insight before being considered for parole. The Board was acting within its authority when it considered petitioner's various preconviction factors and postconviction

gains, yet concluded that he would pose an unreasonable threat to public safety. (See Pen. Code § 3041, subd. (b).)

Therefore, the petition is denied.

~~September~~ October 2 2006



_signature_
DAVID S. WESLEY
Judge of the Superior Court

Clerk to give notice.

Send copy of order to:

Justo Escalante E-91258
CTF Central, F-Wing 302
P.O. Box 689
Soledad, CA 93960-0689

EP

3